UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSHUA A. MAYFIELD,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>Defendant. | NO:  14-CV-0372-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 12 and 14. This matter was submitted for consideration without oral argument. Plaintiff was represented by Lora Lee Stover. Defendant was represented by Leisa A. Wolf. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

Plaintiff Joshua A. Mayfield protectively filed for supplemental security income ("SSI") and disability insurance benefits on July 11, 2011. Tr. 152-158. Plaintiff alleged an onset date of March 3, 2011. Tr. 152. Benefits were denied initially and upon reconsideration. Tr. 96-98, 104-105. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Caroline Siderius on May 23, 2013. Tr. 37-73. Plaintiff was represented by counsel and testified at the hearing. Tr. 53-67. Medical expert Alexander B. White, M.D., and vocational expert Trevor Duncan also testified. Tr. 42-52, 67-72. The ALJ denied benefits (Tr. 20-36) and the Appeals Council denied review (Tr. 1). The matter is now before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 29 years old at the time of the hearing. Tr. 54. His highest level of education is one year of college to get certified in machine shop technology. Tr. 53-54. Plaintiff previously worked as a machinist, machine operator, valet, and construction worker. Tr. 53, 68. Plaintiff claims he is disabled due to depression, anxiety, obesity, foot and back pain, cellulitis and a sleep disorder. *See* Tr. 96. At

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

the time of the hearing, Plaintiff weighed 540 pounds. Tr. 43. He testified that he cannot sit for long periods of time; has to lie down during the day; takes naps three or four times a week due to daytime sleepiness; and has pain in his back, feet and knees. Tr. 55, 65-66. His wife does the majority of the housework, although he tries to "help out." Tr. 56. Plaintiff testified that he was trying to eat better and walk for half an hour a day in order to lose weight. Tr. 56-57. He was also doing physical therapy and pool exercises. Tr. 57, 67. He spends about five hours a week socializing at friends' houses. Tr. 58. Plaintiff testified that he has depression, avoids going out in public, has "high anxiety," and experiences panic attacks three or four times a week. Tr. 58-63. He also testified that medication has helped with his panic attacks. Tr. 62.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 4

"of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § § 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 3, 2011, the alleged onset date. Tr. 25. At step two, the ALJ found Plaintiff has the following severe impairments: obesity with anxiety and sleep apnea, and history of cellulitis, edema and plantar fasciitis of the lower

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

extremities. Tr. 25. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. Tr. 25. The ALJ then found that Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except his standing and walking is limited to a total of 4 hours a day and he requires the option/accommodation to sit/stand at will to relieve discomfort. He is precluded from work involving heavy or moving machinery and unprotected heights (ladders, ropes, and scaffolding), as well as exposure to airborne pollutants. He can only occasionally crawl, crouch, kneel, stoop, etc., and have only occasional contact with the general public.

Tr. 26. At step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr. 30. At step five, the ALJ found that considering the Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 31. The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from March 3, 2011, through the date of this decision. Tr. 31.

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ erred in assessing Plaintiff's credibility; (2) the ALJ erred in disregarding the opinions of Dr. Belinda Escanio, M.D.; and (3) the ALJ erred at step five in assessing Plaintiff's RFC and posing a proper hypothetical to the vocational expert. ECF No.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

12 at 10-17. Defendant argues: (1) the ALJ reasonably found Plaintiff not credible; (2) the ALJ properly evaluated and weighed medical opinion evidence; and (3) the ALJ's step five finding was proper. ECF No. 14 at 4-12.

## DISCUSSION

### A. Credibility

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's statements about his or her symptoms alone will not suffice. *Id*. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.*  Absent any evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d 661, 672 (9th Cir.2012) (quotation and citation omitted). [1]

In this case, the ALJ found "the claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible." Tr. 27. In a single page of his opening brief, Plaintiff summarily argues

---

[1] Defendant argues that this court should apply a more deferential "substantial evidence" standard of review to the ALJ's credibility findings. ECF No. 14 at 5 n.1. The court declines to apply this lesser standard. The Ninth Circuit recently reaffirmed in *Garrison v. Colvin* that "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so;" and further noted that "[t]he governments suggestion that we should apply a lesser standard than 'clear and convincing' lacks any support in precedent and must be rejected." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

that this finding "is not based on any convincing evidence." ECF No. 12 at 15.

However, Plaintiff does not identify or challenge any of the multiple reasons given

by the ALJ in support of the adverse credibility finding. *See Carmickle v. Comm'r*

*of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

First, the ALJ noted that Plaintiff's "treatment records do not support the

frequency and severity of symptoms currently being asserted by the [Plaintiff]." Tr.

30. Subjective testimony cannot be rejected solely because it is not corroborated by

objective medical findings, but medical evidence is a relevant factor in determining

the severity of a claimant's impairments. *Rollins v. Massanari*, 261 F.3d 853, 857

(9th Cir. 2001). As an initial matter, the ALJ notes that treatment records prior to

2012 indicate that "claimant presented only a few times;" but starting in 2012, "the

claimant has presented almost monthly for varied complaints including

palpitations, respiratory complaints, edema (lower extremity swelling associated

with obesity), depression, knee pain, back pain/lumbago, and obesity." Tr. 28. In

further support of this reasoning, the ALJ cites imaging of Plaintiff's lumbar spine

from September 2011 indicating only marginal osteophytosis and Schmorl node

deformities of the upper lumbar spine. Tr. 297. Similarly, in April 2012, imaging

demonstrated mild bilateral degenerative arthritis of the knees. Tr. 274. The ALJ

also cites a psychological evaluation conducted in September 2011 indicating that

Plaintiff was "vague in characterizing depression;" and "presents himself as a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 11

hapless and helpless type of individual," who "does not appear highly motivated." Tr. 272. At the same visit, Plaintiff was found to be cognitively intact; within the average range of intelligence; with intact attention, concentration and memory; and able to interact and relate to others. Tr. 272. Finally, as noted by the ALJ, the record does not contain any statement by a doctor that Plaintiff was unable to work. Tr. 30. Plaintiff argues that evidence of diagnoses by Dr. Escanio including sleep apnea, morbid obesity, and "degenerative changes in the back, knees and feet;" lends support to Plaintiff's claims that he is unable to walk long distances and be on his feet for sustained periods of time. ECF No. 12 at 15-16 (citing Tr. 55, 236, 282). However, the lack of corroboration of Plaintiff's testimony in the objective record as a whole was properly considered by the ALJ, as it did not form the sole basis for the adverse credibility finding.

Second, while not identified by Plaintiff, the ALJ cited evidence of improvement of Plaintiff's symptoms when treated. Tr. 28-30. An ALJ may rely on the effectiveness of treatment to support an adverse credibility finding. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (ALJ relied on report that Plaintiff's symptoms improved with the use of medication). Here, the record includes multiple notations that physical therapy improved Plaintiff's overall mobility. Tr. 402, 405. Moreover, as noted by the ALJ, Plaintiff reported improvement in anxiety, depression, and obsessive/compulsive

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

traits after increasing his medication. Tr. 29, 435-36, 440. Plaintiff testified that

being treated at Frontier Behavioral Health three times a month "has helped" his

overall mood; and he testified that medication has helped with the frequency of

panic attacks. Tr. 59, 62. Finally, Plaintiff reported in September 2011 that he slept

well with his breathing machine (Tr. 269), and medical expert Dr. White testified

that Plaintiff's sleep apnea has been adequately treated with a CPAP machine (Tr.

44, 48, 52). The court notes that Plaintiff testified that he still considers himself to

be a "depressed person" (Tr. 63), and requires frequent breaks due to feet, knee,

and back pain (Tr. 53). However, "where evidence is susceptible to more than one

rational interpretation, it is the [Commissioner's] conclusion that must be upheld."

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Andrews v. Shalala*,

53 F.3d 1035, 1039 (9th Cir. 1995)("[t]he ALJ is responsible for determining

credibility"). The effectiveness of Plaintiff's treatment was a clear and convincing

reason to find Plaintiff not credible.

     Finally, while not identified or challenged by Plaintiff, the ALJ cited several

inconsistencies in the record which diminish Plaintiff's credibility. Tr. 29-30. In

evaluating credibility, the ALJ may consider inconsistencies in Plaintiff's

testimony or between his testimony and his conduct. *Thomas*, 278 F.3d at 958-59.

Here, the Plaintiff testified that he would "socialize with [his] family and some

close friends. Go to their house or they come over and we'll visit." Tr. 56. He also

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 13

testified that he helps with the housework, walks on a regular basis, does physical

therapy in the pool, and was trying to "get out" as much as possible. Tr. 56-57.

However, as noted by the ALJ, Plaintiff proceeded to "basically retract[] this"

statement by testifying that he avoids people and going out in public due to

anxiety-induced panic attacks. Tr. 61-63. Plaintiff then contradicted himself again

by testifying that medication had helped with the panic attacks. Tr. 62.

Similarly, as cited by the ALJ, the overall record contains inconsistent

statements regarding Plaintiff's symptoms and alleged limitations. *See Tommasetti

v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (an ALJ may utilize "ordinary

techniques of credibility evaluation, such as … prior inconsistent statements

concerning the symptoms."). During a consultative examination in September

2011, Dr. Jay Toews noted that Plaintiff was "quite vague" in attempting to

characterize his alleged depression; and found Plaintiff "did not appear depressed,"

but rather "appeared pessimistic, somewhat passive and dependent, and appeared

to be lacking in motivation." Tr. 269-270. Plaintiff reported no history of

counseling, psychotherapy, or hospitalizations. Tr. 271. He reported being fully

independent for self-care and independent living skills, including: planning and

preparing meals, doing laundry, driving, and shopping. Tr. 271. He socialized with

parishioners at church, saw friends, and stated he had "no difficulty interacting

with store clerks for the purposes of commerce." Tr. 271. These reports appear

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 14

inconsistent with Plaintiff's testimony that he started having panic attacks at age thirteen; and due to these panic attacks he avoids going out in public, including to the grocery store. Tr. 60, 63. Finally, as noted by the ALJ, five months after this relatively benign consultative examination in 2011, Plaintiff "suddenly" presented to his treating physician complaining of depression, and was referred for mental health counseling. Tr. 29, 320-21, 332. However, Plaintiff never mentioned any mental health symptoms to his primary health care provider after that single visit despite regular medical care in 2012, including the completion of disability paperwork. Tr. 29-30, 333-375. The ALJ also noted that "[a]s for [Plaintiff's] assertions of depression, anxiety/social phobia and obsessive compulsive traits, the undersigned notes that these complaints were only raised in [January 2013] and are being treated." Tr. 29-30, 413-442. These inconsistencies in Plaintiff's testimony, and within the record as whole, were a clear and convincing reason to find him not credible.

For all of these reasons, and having thoroughly reviewed the record, the court concludes that the ALJ supported his adverse credibility finding with specific, clear and convincing reasons supported by substantial evidence.

**B. Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

(examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)). Plaintiff argues the ALJ improperly rejected the opinions of Plaintiff's treating physician Dr. Belinda Escanio. ECF No. 12 at 12-13.

In May 2012, Dr. Escanio completed a residual functional capacity on behalf of Plaintiff. Tr. 276-281. Dr. Escanio indicated she had seen Plaintiff since February 2012 on an "at least monthly" basis for depression, knee pain, back pain, hypercholesterol, lower leg edema, and palpitations. Tr. 276. She reported that Plaintiff could not stand and/or sit upright for six to eight hours a day, and would need to lie down during the day, due to his morbid obesity. Tr. 278. However, Dr.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16

Escanio indicated that if Plaintiff was able to maintain a dedicated weight loss program it would "increase his functional capacity and decrease pain." Tr. 277. Thus, Dr. Escanio opined that Plaintiff's disability was temporary, lasting from six months to one year, while he underwent intensive weight loss programs, physical therapy, and diet modification. Tr. 280. Six months later, in November 2012, Dr. Escanio opined that Plaintiff maintained a light level residual functional capacity. Tr. 300.

Plaintiff briefly argues that the ALJ "improperly evaluated the medical opinions of his provider, [Dr. Escanio] as to the nature and extent of Plaintiff's obesity and depression." ECF No. 12 at 12. However, while not identified by the Plaintiff, the ALJ specifically noted that the limitations opined by Dr. Escanio in the May 2012 assessment, including the need to lie down several times during the day, were "endorsed for a 6-12 month period in order for the claimant to engage in a weight loss program." Tr. 28, 280. To be found disabled, a claimant must be unable to engage in any substantial gainful activity due to an impairment which "can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Chaudhry*, 688 F.3d at 672. Here, because Dr. Escanio opined that the assessed limitations were temporary, and expected to last only 6-12 months, the duration requirement for a finding of disability is not met. Thus, the ALJ did not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

err in failing to "acknowledge" the temporary limitations identified in Dr.

Escanio's May 2012 evaluation. *See* ECF No. 12 at 13-14, Tr. 276-281.

Dr. Escanio subsequently opined in November 2012 that Plaintiff was

limited to "light work," which was defined as possibly requiring walking or

standing up to 6 out of 8 hours per day, or sitting most of the time. Tr. 300.

Plaintiff argues that the ALJ did not "properly reject Dr. Escanio's opinion as to

the Plaintiff's [RFC] , nor as to Plaintiff's depression." ECF No. 12 at 13. As an

initial matter, the court notes that this opinion does not include depression in the

list of "physical, mental, emotional, or developmental issues that require special at

accommodations or considerations." Tr. 299. Moreover, a plain reading of the

ALJ's opinion does not indicate that the ALJ rejected Dr. Escanio's November

2012 opinion. See Tr. 28-29. Rather, the ALJ noted that in November 2012 Dr.

Escanio "indicated that the claimant maintained a light level residual functional

capacity;" which was defined in the opinion as possibly requiring walking or

standing up to 6 out of 8 hours per day, or sitting most of the time. Tr. 28, 300.

This opinion appears to be entirely consistent, if not less restrictive, than the RFC

assessed by the ALJ that limits Plaintiff to light work "except his standing and

walking is limited to a total of 4 hours a day and he requires the

option/accommodation to sit/stand at will to relieve discomfort." Tr. 26. Moreover,

Plaintiff does not identify with specificity any discrepancy between Dr. Escanio's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 18

November 2012 opinion that Plaintiff can perform light work, and the RFC assessed by the ALJ. Thus, even assuming that the ALJ improperly "rejected" Dr. Escanio's November 2012 opinion, any error was harmless. *Molina*, 674 F.3d at 1115 (error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination.").

For these reasons, and based on the court's comprehensive review of the record, the court finds the ALJ did not err in considering Dr. Escanio's opinions.

## C. RFC and Hypothetical

Plaintiff contends that the ALJ erred at step five by failing to account for Plaintiff's limitations in the RFC and hypothetical posed to the vocational expert. ECF No. 14 at 16-17. First, as to the RFC assessment, Plaintiff argues that "[t]he record" does not support the ALJ's finding that Plaintiff is capable of performing light duty work limited to four hours of standing or walking for four hours a day with a sit/stand option. ECF No. 12 at 16. Presumably, Plaintiff's argument is based on the assumption that the ALJ erred in considering the medical opinion evidence and Plaintiff's testimony. However, as discussed in detail above, the ALJ's evaluation of Dr. Escanio's opinions, and the ALJ's adverse credibility finding, were legally sufficient and supported by substantial evidence.

Second, Plaintiff argues that the ALJ failed to pose an adequate hypothetical to the vocational expert. ECF No. 12 at 16-17. The ALJ may meet his burden of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 19

showing the claimant can engage in other substantial activity at step five by

propounding a hypothetical to a vocational expert "that is based on medical

assumptions supported by substantial evidence in the record that reflects all the

claimant's limitations. The hypothetical should be 'accurate, detailed, and

supported by the medical record.'" *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th

Cir. 2001). However, "[i]f an ALJ's hypothetical does not reflect all of the

claimant's limitations, then the expert's testimony has no evidentiary value to

support a finding that the claimant can perform jobs in the national economy."

*Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009)(citation

and quotation marks omitted). Here, Plaintiff argues generally that "the evidence"

does not support the ALJ's step five finding; and briefly "note[s]," without

additional argument, that the vocational expert testified that if a worker was not

able to be productive at least 90 percent of the time, that worker would "struggle to

maintain ongoing gainful employment." ECF 12 at 16-17 (citing Tr. 70-71); *See*

*also Carmickle*, 533 F.3d at 1161 n.2 (court may decline to address an issue not

raised with specificity in Plaintiff's briefing). While not identified by the Plaintiff,

the court notes that the ALJ did, in fact, pose a third hypothetical positing that in

addition to a stand and walk option of up to two hours a day, the person would

have to change positions frequently and have a loss of productivity of 30 percent;

to which the VE testified that the person would be able to get a job but "very

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 20

unlikely would they be able to sustain employment." Tr. 71. However, the ALJ is "free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Osenbrock*, 240 F.3d at 1164-1165; *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a)(when considering the RFC assessment and corresponding hypothetical proposed to the VE, an ALJ considers all relevant evidence in the case record, not just medical opinions). Plaintiff does not cite to any evidence indicating that the RFC and/or hypothetical should have included a limitation regarding the percentage of time Plaintiff would remain "productive." Rather, as discussed above, the RFC and hypothetical contained limitations that the ALJ found credible and supported by substantial evidence in the record; thus, the ALJ's reliance on testimony by the VE in response to the hypothetical was proper. *See Bayliss*, 427 F.3d at 1217. The ALJ did not err at step five.

## CONCLUSION

After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 14, is **GRANTED**.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 21

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE** the file.

**DATED** this 21st day of September, 2015.

                              *s/Fred Van Sickle*

                                 Fred Van Sickle

                  Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 22